Law Offices of
DENA MARIE YOUNG (CSB #215344)
2751 4th Street, PMB #136
Santa Rosa, CA 95405
Telephone: (707) 528-9479
Facsimile: (707) 692-5314
Email: dmyounglaw@gmail.com

Attorney for Defendant
CELIN DAVID DOBLADO-CANACA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-21-00416 JD |
| Plaintiff, | **DEFENDANT'S SENTENCING MEMORANDUM** |
| v. | |
| CELIN DAVID DOBLADO-CANACA, | Date: November 21, 2022<br>Time: 10:30 a.m. |
| Defendant. | |

Defendant CELIN DAVID DOBLADO-CANACA, by and through his counsel of record, Dena Marie Young, hereby submits his Sentencing Memorandum.

**INTRODUCTION**

On July 11, 2022, Mr. Doblado-Canaca entered a plea of guilty to distribution of a mixture and substance containing fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

The plea agreement, pursuant to Rule 11(c)(1)(C), contemplates a sentence between 48 months and 72 months, followed by three years of supervised release.

For the reasons discussed below, Mr. Doblado-Canaca requests that this Court impose a custodial sentence of 48 months. Such a sentence would be a sufficient sentence within the

meaning of *Gall v. United States*, 552 U.S. 38 (2007), and is consistent with the factors set out in 18 U.S.C. § 3553(a).

# I.
## OBJECTIONS TO THE PRESENTENCE REPORT

Mr. Doblado-Canaca has no outstanding objections to contents of the presentence report.

# II.
## THIS COURT SHOULD IMPOSE A SENTENCE OF 48 MONTHS BECAUSE IT IS A SUFFICIENT SENTENCE CONSIDERING THE FACTORS SET OUT IN 18 U.S.C. § 3553(A).

While the guidelines must be respectfully considered, they are one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence. *United States v. Carty*, 520 F.3d 984, 992 (9th Cir.2008). Sentencing courts must give "meaningful consideration" to all of the statutory factors in 18 U.S.C. §3553(a). Section 3553(a) clearly states that a court must impose a sentence that is "sufficient but not greater than necessary to comply with the purposes of sentencing. This requirement is often referred to as 'the parsimony provision," and the Supreme Court has referred to it as the "overarching instruction" of 18 U.S.C. §3553(a). See *Kimbrough v. United States*, 552 U.S. 85 (2007). Although the offender's conduct is part of the sentencing equation, it is not the totality of it, and the sentencing court must not focus on the offense at the expense of the individual offender. *United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005)(*en banc*). The sentence must be long enough to reflect the seriousness of the offense, provide for just punishment and promote respect for the law. Further, it should afford adequate deterrence to criminal conduct in general and protect the public. It must be "sufficient but not greater than necessary" to reflect societal concerns and individual considerations.

Here, the base offense level is elevated substantially to Level 38 because the sale of a small quantity of drugs resulted, however indirectly, in the death of a user of those drugs. While the application of the Sentencing Guidelines is not in dispute, these guidelines do not accurately reflect the actual nature of the offense, nor do they adequately account for the circumstance under which

the offense was committed. Counsel for Mr. Doblado-Canaca believes that a term of 48 months is a substantial sentence under the circumstances and is sufficient to comply with the purposes of sentencing.

### III.
### EVALUATION

Mr. Doblado-Canaca grew up in poverty in Honduras, where poverty was the norm. He had the benefit of close family relationships despite poor living conditions. He dropped out of school after the fourth grade in order to work in the fields with his father to help support his family.

Mr. Doblado-Canaca came to the United States seeking greater employment opportunities, not just for himself, but to assist his family. He has three children from a prior relationship in Honduras, that range in age from 6 to 17. Their mother suffers from leukemia. She struggles personally and financially as a result of her poor health. Mr. Doblado-Canaca tried to assist her and the children financially by sending them money when he was able to find work in the United States. He is very concerned that he can no longer assist them while he is in custody.

Unfortunately, life in the United States did not prove to be everything that Mr. Doblado-Canaca hoped it would be. The cost of living here was very high. His work opportunities were limited by his lack of education, his limited English skills, and his lack of proper immigration documents. He turned to drug use to deal with his personal distress. These conditions led him to sell drugs in order to try to make ends meet and to support his own use. Although he was previously removed from the United States, he returned, still desperately hoping that conditions in the United States would be better than conditions in Honduras, and that he could better provide for his family. With this conviction, the risk involved in returning is substantially greater, and should be enough to prevent his return.

During his time in the United States, Mr. Doblado-Canaca began a relationship with a woman, Ms. Garcia. They had a daughter who was born prematurely and was hospitalized for several months. Unfortunately, Mr. Doblado-Canaca has been incarcerated on this case for his

daughter's entire life.  He has lost contact with her mother as a result, so he has no contact with this daughter.

Mr. Doblado-Canaca was supporting himself by dealing in small amounts of drugs, including fentanyl, in the Tenderloin when he was arrested on this case.

In this case, Mr. Doblado-Canaca sold a small quantity of drugs to M.G.  He had no way to know that M.G. was going to distribute them to others.  He had no direct contact with the two men who ultimately used and were harmed by the drug.  Mr. Doblado-Canaca did not intend to harm anyone.  He is devastated that someone died as a result.

A sentence of 48 months will not result in an unwarranted disparity in sentencing as it is not inconsistent with the results of other cases involving fentanyl-related overdose deaths. The Government's sentencing Memorandum details some of these recent cases.  In many of those cases, there was a more direct relationship between the defendant and the person who ultimately died. The more direct relationship suggests greater disregard for the safety of that person.

For example, in the *Pascoe* case, which resulted on a 60-month sentence, there was a direct relationship between the defendant and the high-school classmate to whom he sold the tainted pills.  *See*, *United States v. Pascoe*, No. 22-CR-25 WHA.  This also reflects a greater degree of disregard for the safety of others than is present in this case, where Mr. Doblado-Canaca did not foresee further distribution of the drug and did not have any reason to believe anyone would be harmed.

In another recent case (also involving a Rule 11(c)(1)(C) plea, the defendant was sentenced to a term of 84 months for distribution of fentanyl causing death inside the Santa Rita Jail.  *See United States v. Reid*, No. 22-CR-142 JST.  In that case, the defendant distributed "pink" fentanyl to inmates in the Santa Rita Jail.  When the original dose proved ineffective, she distributed a stronger "white" fentanyl instead.  Although she observed that two of her fellow inmates who took the stronger doses showed signs of overdose, she did not summon help for them.  One of them died as a result. Unlike this case, that defendant not only distributed the fentanyl which resulted in death, she prevented, through her silence, timely medical intervention which might have prevented

the death. This conduct is far more culpable that the conduct in the present case. The ultimate sentence in this case should reflect the lesser degree of culpability.

For Mr. Doblado-Canaca, a sentence of 48 months represents twice the length of any previous sentence that he has served. It is more than sufficient to deter him from committing crimes in the future. His punishment is greater than the time of incarceration alone. He has already lost contact with his youngest daughter due to his incarceration in this case. He is unable to assist his family in Honduras while he is incarcerated, and he is missing important aspects of his children's young lives.

Mr. Doblado-Canaca is subject to an outstanding warrant of removal independent of this case. For that reason, he will be restricted from participating in BOP programing which might otherwise have allowed him to earn reduced custody time. His participation in programming will be further limited by his inability to speak and read in English. In short, he will be warehoused longer than a similarly situated citizen prisoner and will be less able to improve himself through his incarceration.

## CONCLUSION

For the foregoing reasons, Mr. Doblado-Canaca respectfully requests that this Court impose a custodial sentence of 48 months. This sentence is sufficient under the circumstances to punish him for his conduct, and to deter such conduct in the future.

Dated: November 7, 2022          Respectfully Submitted,

                                                        /s /
                                         DENA MARIE YOUNG

                                         Attorney for Defendant
                                         CELIN DAVID DOBLADO-CANACA